**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **COREY TWIGG AND LORI TWIGG, HUSBAND AND WIFE** Plaintiffs, | : | |
| vs. | : | |
| **BSN SPORTS** **VARSITY BRANDS HOLDING CO., INC., GARWARE et al** | : | Case No.: 4:23-cv-00067-MWB |
| Defendants | : | |

**PLAINTIFF'S OMNIBUS MOTION FOR POST TRIAL RELIEF**

Plaintiffs, Corey and Lori Twigg, by and through their counsel, N.W. Mattiacci Law, LLC, respectfully move this Honorable Court for an Order molding the verdict to reflect the parties' binding past economic loss trial stipulation, judicial error for failing to provide a limiting instruction to the jury regarding  granting a renewed motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b), and ordering a new trial on damages pursuant to Federal Rule of Civil Procedure 59(a).

1. This Omnibus Motion is filed pursuant to Federal Rules of Civil Procedure 50(b) and 59(a) to address manifest errors in the jury's verdict, including the disregard of binding economic loss stipulations, legally untenable findings of comparative negligence, and grossly inadequate damages.
2. At the conclusion of the trial, the jury awarded $48,293.00 for past medical expenses.
3. Prior to trial, the parties executed a binding "Trial Stipulation: Past Economic Expenses" which liquidated the past economic and medical damages at $423,024.87. *See* Exhibit 'A'.

4. Because a trial stipulation constitutes a judicial admission that removes the stipulated fact from the jury's province, the jury lacked the authority to deviate from the agreed-upon figure once it determined the Defendants were liable for the Plaintiffs' injuries.
5. Plaintiffs request that this Court mold the jury's verdict to reflect and include the stipulated total of $423,024.87 for past economic and medical losses.
6. The Court respectfully erred by failing to provide a necessary limiting instruction to the jury regarding the introduction of workers' compensation evidence. The absence of this instruction allowed the jury to impermissibly consider potential collateral source benefits, which likely contributed to the grossly inadequate damage awards.
7. Regarding the jury's apportionment of 40% comparative negligence to Mr. Twigg, Plaintiffs move for judgment as a matter of law pursuant to Rule 50(b), having preserved this issue through a Rule 50(a) motion at the close of evidence.
8. The jury's answers to Verdict Questions 10 and 11—specifically, that the product was used in a foreseeable manner and that Mr. Twigg lacked knowledge of the latent defect—establish that Mr. Twigg acted with ordinary care.
9. Under Pennsylvania law, *Kimco Dev. Corp. v. Sullivan Corp.*, 527 Pa. 551, a user has no duty to perform destructive inspections of safety equipment to identify concealed design failures; therefore, the jury's findings preclude a finding of negligence as a matter of law.
10. Plaintiffs request that the Court vacate the 40% comparative negligence reduction in its entirety.
11. Plaintiffs further move for a new trial on all damages pursuant to Rule 59(a), as the jury's awards for non-economic loss and loss of consortium are grossly inadequate and shock the judicial conscience under *Neison v. Hines*, 653 A.2d 634.

12. The jury's failure to award damages for loss of consortium, combined with a nominal award for permanent and catastrophic injuries, indicates a fundamental breakdown in the deliberative process that requires a new trial.
13. Plaintiffs request that the Court calculate and include mandatory delay damages under Pa. R.C.P. 238, accruing from one year after the service of the complaint.
14. Upon molding the verdict and including mandatory delay damages, the total judgment obtained will exceed the Defendants' Rule 68 offer of $950,000, thereby preserving the Plaintiffs' right to taxable costs.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter an Order molding the verdict, striking the comparative negligence reduction, and granting a new trial on all damages.

Respectfully submitted,

**N.W. MATTIACCI LAW, LLC**

BY: ***/s/ Nicholas W. Mattiacci***

Nicholas W. Mattiacci, Esq., L.L.M.
804 West Avenue
Jenkintown, PA 19046
(215) 690-4201 (office)
(267) 202-5452 (facsimile)
E-mail: nwm@mattilaw.com
Attorney for Plaintiffs

Date: March 10, 2025.