**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| COREY TWIGG, *et al.*, | No. 4:23-CV-00067 |
| Plaintiffs, | (Chief Judge Brann) |
| v. | |
| BSN SPORTS, INC. *et al.*, | |
| Defendants. | |

## ORDER

### MARCH 19, 2026

Following the conclusion of the six-day trial in this case, Plaintiffs' counsel has filed several motions that raise various forms of post-trial relief. The Court believes that the disjointed approach to these filings will make it difficult for Defendants' to cohesively respond to all of Plaintiffs' arguments. Therefore, the Court will strike the three current post-trial motions filed by Plaintiffs' and require Plaintiffs to file a new omnibus motion relating to post-trial issues. Additionally, the following scheduling order will apply to that motion. To the extent that they will pass during this schedule, all deadlines in the Federal Rules of Civil Procedure and Middle District Local Court Rules regarding Plaintiffs' post-trial motions and bill of costs will be extended to the dates listed in this Order.[1]

---

[1]   Because I am granting Plaintiffs the courtesy of a deadline extension, in the event that Defendants file post-trial motions, or wish to, they will be granted the same courtesy extensions should they seek it.

As a final note, throughout the course of this litigation, Plaintiffs' counsel has been given a great deal of lenience by the Court in regard to his adherence to Federal Rules of Civil Procedure and Local Court Rules. While these errors have been harmless in the past, the Court will no longer grant Plaintiffs' counsel the benefit of the doubt. In this vein, both parties are expected to strictly comply with this Order, the Federal Rules of Civil Procedure, and the United States District Court for the Middle District of Pennsylvania Rules of Court.[2] This will be the final bite of the apple for Plaintiffs to raise post-trial issues with this Court and they must do so in a manner complying with this Order and both local and federal rules. If they do not, they are on notice that the Court is prepared strike arguments, award adverse inferences, or consider other appropriate sanctions.

**IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for New Trial (Doc. 211), Plaintiffs' First Motion to Amend/Correct their Motion for a New Trial (Doc. 213), and Plaintiffs' First Motion for Taxation of Costs (Doc. 215) are **STRICKEN**;

---

[2] The only exception to the expected strict compliance will be the deadlines that I previously noted will be extended in regard to Plaintiffs' post-trial motions and bill of costs.

2.    Plaintiffs shall file a final omnibus motion addressing all of their post-trial relief arguments by **April 6, 2026.** All further motions on post-trial issues will be disregarded by the Court.

3.    Defendants must file a brief in opposition to that omnibus motion by **April 20, 2026**, if they care to do so.

4.    Plaintiffs will have until **May 4, 2026** to file a reply brief to the Defendants' briefs in opposition, if they care to do so.

5.    Defendants are free to file post-trial motions to the extent allowable under the Federal Rules of Civil Procedure and Local Court Rules.

6.    Plaintiffs may file a bill of costs only 30 days after a decision is entered on all post-trial motions. That bill of costs must be filed within 30 days of the entry of that decision.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge