**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **COREY TWIGG AND LORI TWIGG, HUSBAND AND WIFE** Plaintiffs, | : | |
| vs. | : | |
| **BSN SPORTS VARSITY BRANDS HOLDING CO., INC., GARWARE et al** | : | Case No.: 4:23-cv-00067-MWB |
| Defendants | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OMNIBUS MOTION FOR POST TRIAL RELIEF**

Respectfully submitted,

**N.W. MATTIACCI LAW, LLC**

BY: ***/s/ Nicholas W. Mattiacci***

Nicholas W. Mattiacci, Esq., L.L.M.
804 West Avenue
Jenkintown, PA 19046
(215) 690-4201 (office)
(267) 202-5452 (facsimile)
E-mail: nwm@mattilaw.com
Attorney for Plaintiffs

Date: April 1, 2026.

**TABLE OF CONTENTS**


**I. INTRODUCTION AND RELIEF SOUGHT** ........................................... 5

**II. LEGAL ARGUMENT** ........................................................................ 6

**a. The Verdict Should Be Molded To Include The Past Economic Loss Stipulation** ................................................ 6

**b. Plaintiffs Are Entitled To Delay Damages** ....................................................... 7

**c. Plaintiffs Are Entitled to Taxation of Costs As The Prevailing Party** ................................. 10

**d. Alternatively, Plaintiff Is Entitled To A New Trial Under Rule 59(a)** ............................................. 11

**III. CONCLUSION** ....................................................................... 13

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Allied Chem. Corp. v. Daiflon, Inc.*,
449 U.S. 33, 36 (1980)....................11

*Blancha v. Raymark Indus.*,
972 F.2d 507, 512 (3d Cir. 1992).................... 11

*Electrolux Home Prods., Inc. v. Whitesell Corp.*,
2013 WL 5424701 (E.D. Pa. 2013)....................10

*In re Paoli R.R. Yard PCB Litig.*,
221 F.3d 449, 462 (3d Cir. 2000)....................10

*In re Teleglobe Commc'ns Corp.*,
493 F.3d 345 (3d Cir. 2007)....................9

*Kimco Development Corp. v. Michael D's Carpet Outlets*
637 A.2d 603 (Pa. 1993)....................12

*King v. Rivas*,
555 F.3d 14, 20 (1st Cir. 2009)....................11

*Klein v. Hollings*,
992 F.2d 1285, 1289-90 (3d Cir. 1993)....................11

*Lightning Lube, Inc. v. Witco Corp.*,
802 F. Supp. 1180 (D.N.J. 1992), *aff'd*, 4 F.3d 1153 (3d Cir. 1993)....................11

*Lobalzo v. Varoli*,
185 A.2d 557 (Pa. 1962)....................13

*Marra v. Phila. Hous. Auth.*,
497 F.3d 286, 300 (3d Cir. 2007)....................6

*Marneef v. United States*,
75 F.R.D. 14, 16 (M.D. Pa. 1977)....................11

*Marryshow v. Flynn*,
986 F.2d 689, 692 (4th Cir. 1993)....................11

*McQueeney v. Wilmington Trust Co.*,
779 F.2d 916, 928 (3d Cir. 1985)....................11

*Moorhead v. Crozer Chester Med. Ctr.*,
565 Pa. 448 (2001)....................13

*Neison v. Hines*,
653 A.2d 634 (Pa. Super. 1995)..........12

*Parkell v. Danberg*,
833 F.3d 313, 323 (3d Cir. 2016)..........6

*Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*,
674 F.3d 158, 171 (3d Cir. 2012)..........10

*Sullivan v. Werner Co.*,
306 A.3d 846 (Pa. 2023)..........12

*Tincher v. Omega Flex, Inc.*,
104 A.3d 328 (Pa. 2014)..........12

*Touloumes v. E.S.C. Inc.*,
899 A.2d 343 (Pa. 2006)..........7

*Tyler v. King*,
496 A.2d 16, 21 (Pa. Super. 1985)..........6

STATUTES & RULES

Fed. R. Civ. P. 50(b)..........5, 6, 7

Fed. R. Civ. P. 59(a)..........5

Fed. R. Civ. P. 54(d)(1)..........5, 9

Pa. R.C.P. 238..........7, 8

28 U.S.C. § 1920..........5, 8

## I. INTRODUCTION AND RELIEF SOUGHT

Plaintiffs, Corey and Lori Twigg, by and through their counsel, N.W. Mattiacci Law, LLC, respectfully submit this Consolidated Omnibus Motion and memorandum of law for Post-Trial Relief. Following the jury's verdict rendered on March 9, 2026, Plaintiffs move this Court to exercise its authority under Federal Rules of Civil Procedure 50(b), 54(d), and 59(a), as well as Pennsylvania Rule of Civil Procedure 238, to ensure the final judgment reflects the legal and factual realities of this case. Plaintiffs respectfully move this Honorable Court for an Order seeking post trial relief as follows; molding the verdict to reflect the parties' binding past economic loss trial stipulation; granting delay damages pursuant to Pa. R.C.P. 238; and granting the Plaintiff's Taxation of Costs.

Specifically, Plaintiffs seek an Order:

1. Molding the Verdict to incorporate the parties' binding Trial Stipulation (Ex. P-100), which liquidated past medical and economic loss at $423,024.87, resulting in a total molded principal of $715,658.87;
2. Awarding Mandatory Delay Damages pursuant to Pa. R.C.P. 238 in the amount of $225,148.24; and
3. Taxing Costs in the amount of $17,340.39, as authorized by 28 U.S.C. § 1920.

In the alternative, should the Court decline to mold the verdict as requested, Plaintiffs move for a New Trial on Damages pursuant to Rule 59(a). This request is necessitated by a manifest miscarriage of justice, including: (i) a jury verdict that is a mathematical impossibility in light of stipulated facts; (ii) a legally untenable finding of comparative negligence where the evidence established strict liability; and (iii) the prejudicial absence of a limiting instruction

regarding workers' compensation benefits, which—coupled with a nominal non-economic award—demonstrates that the deliberative process was fundamentally infected.

## II. LEGAL ARGUMENT

### a. The Verdict Should Be Molded To Include The Past Economic Loss Stipulation

Plaintiffs move for judgment as a matter of law pursuant to Rule 50(b), having preserved this issue through a Rule 50(a) motion at the close of evidence. "Judgment as a matter of law is appropriate when, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." *Marra v. Phila. Hous. Auth.*, 497 F.3d 286, 300 (3d Cir. 2007). A court should grant judgment as a matter of law where "the record is critically deficient of that minimum quantum of evidence from which a jury might reasonably afford relief." *Parkell v. Danberg*, 833 F.3d 313, 323 (3d Cir. 2016).

Following a multi-day trial held between March 2, 2026 and March 9, 2026, the jury found the Collegiate L-Screen with Hood defective under Plaintiff's strict liability claims for design defect and failure to warn. The jury further found the Defendants BSN Sports and Garware Technical Fibers Ltd. negligent. However, the jury awarded damages that bear no relation to the stipulated facts or the gravity of the injuries. The jury's verdict, as currently entered, is a mathematical and legal impossibility that ignores uncontroverted trial stipulations and contradicts the jury's own findings of fact.

At the threshold of this inquiry is the jury's award of $48,293.00 for past medical expenses. A stipulation constitutes a judicial admission that removes the stipulated fact from the jury's province. Under *Tyler v. King*, 496 A.2d 16, 21 (Pa. Super. 1985), a stipulation 'has the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.' Because the parties entered into a binding Trial Stipulation regarding the liquidated amount of

past medical expenses, that fact was no longer a matter of jury discretion, and the Court must mold the verdict to reflect the admitted sum. Under established Third Circuit law, by finding the Defendants' conduct was a factual cause of the Plaintiffs' injuries, the jury was legally bound to accept the stipulated economic damages. To allow the current award to stand would permit the jury to disregard the fundamental evidentiary framework established by the parties and this Court prior to trial. To allow the current award to stand would permit the jury to disregard the fundamental evidentiary framework established by the parties and this Court prior to and during the trial.

The jury's past economic and medical loss award is a mathematical error that this Court must correct. Specifically, the parties stipulated to $341,402.37 in past economic and medical costs and $81,622.50 in past medical treatment for mental health care. By answering "Yes" to causation (Verdict Question 14, and Verdict Question 16), the jury accepted that the Defendants caused the injuries; they had no discretion to reduce the "liquidated" cost of those injuries. Plaintiff's request this Honorable Court mold the verdict to include $423,024.87 for past economic loss and past medical expenses. Therefore, Plaintiffs move for a judgment as a matter of law pursuant to Rule 50(b) to mold the Jury Verdict to include the stipulation for past economic expenses bringing the total verdict to therefore total $715,658.87.

**b. Plaintiffs Are Entitled To Delay Damages**

Under Pennsylvania law, delay damages are not discretionary; they are an extension of the compensatory damages intended to make the plaintiff whole and to incentivize the settlement of meritorious claims. *See Touloumes v. E.S.C. Inc.*, 899 A.2d 343, 348 (Pa. 2006) (stating that Rule 238 "serves the dual purpose of alleviating court congestion by promoting earlier settlement of claims and of compensating the plaintiff for the delay in receiving funds to which he is entitled").

Pennsylvania Rule of Civil Procedure 238(a)(1) in pertinent part states:

> At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury... and shall become part of the verdict...

In calculating delay damages, Pa.R.C.P. 238(a) states, in pertinent part:

> (2) Damages for delay shall be awarded for the period of time from action up to the date of the award, verdict or decision. a date one year after the date original process was first served…
>
> (3) Damages for delay shall be calculated at the rate equal to the prime rate as listed in the first edition of the *Wall Street Journal* published for each calendar year for which the damages are awarded, plus one percent, not compounded.

Pursuant to Pa. R.C.P. 238(a)(2), delay damages shall be awarded for the period of time from a date one year after the date the original process was first served in the action as follows;

1. Initial Filing of the Complaint: February 19, 2021.
2. First Service of Process: March 5, 2021. (Attached to this Memorandum as Exhibit 'A).
3. Accrual Date: The period for delay damages commenced on March 5, 2022.
4. Verdict Date: The jury returned a verdict in this matter on March 9, 2026.
5. Principal Amount for Calculation: The principal amount of the verdict for calculation is the molded verdict total of $715,658.87, representing the jury's award of $292,634.00 and the stipulated past economic expenses of $423,024.87.

The following computation utilizes the Prime Rate as listed in the first edition of the *Wall Street Journal* for each calendar year, plus one percent, not compounded, per Pa. R.C.P. 238(a)(3).

| Year | Period | Rate<br>Prime +1 | Day | Calculation | Interest |
|---|---|---|---|---|---|
| 2022 | Mar 5 – Dec 31 | 4.25% | 305 | $715,658.87 × .0425 | $25,165.70 |
| 2023 | Jan 1 – Dec 31 | 8.50% | 365 | $715,658.87 × .085 | $60,831.00 |
| 2024 | Jan 1 – Dec 31 | 9.50% | 366 | $715,658.87 × .095 | $67,987.59 |
| 2025 | Jan 1 – Dec 31 | 8.50% | 365 | $715,658.87 × .085 | $60,831.00 |
| 2026 | Jan 1 – Mar 9 | 7.75% | 68 | ($715,658.87 × .0775) × (68/365) | $10,332.61 |
| **TOTAL** | | | | | **$225,148.24** |

Plaintiffs respectfully request that this Honorable Court enter an Order molding the verdict to include the stipulated medical expenses and awarding delay damages in the amount of $225,148.24. When the delay damages of $225,148.24 are added to the molded principal of $715,658.87, the resulting "Judgment" totals $940,807.11.

**c. Plaintiffs Are Entitled to Taxation of Costs As The Prevailing Party**

Pursuant to Federal Rule of Civil Procedure 54(d)(1), there is a "strong presumption" that costs shall be awarded to the prevailing party. *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462 (3d Cir. 2000). This presumption is so robust that "the losing party bears the burden of showing why costs should not be assessed." *Id.* Under 28 U.S.C. § 1920, the Court is authorized to tax costs for fees of the clerk, fees for service of summons and subpoenas, and fees for printed or electronically recorded transcripts "necessarily obtained for use in the case." Here, Plaintiffs' taxable costs of $17,340.39 were essential to the litigation. This includes the necessary costs of international service upon Defendant Garware in India pursuant to the Hague Convention, which was required to establish this Court's jurisdiction. *See* 28 U.S.C. § 1920(1); *see also Electrolux Home Prods., Inc. v. Whitesell Corp.*, 2013 WL 5424701 (E.D. Pa. 2013) (awarding costs for international service). Additionally, Plaintiffs incurred costs for transcripts of depositions used for trial preparation and the *Daubert* hearing, all of which meet the "necessity" standard under § 1920(2).

Furthermore, Plaintiffs seek costs for exemplification and the costs of making copies under 28 U.S.C. § 1920(4). In the Third Circuit, this category encompasses the costs of producing illustrative aids and digital reproductions that are "necessarily obtained for use in the case." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 171 (3d Cir. 2012). Plaintiffs' costs in this category consist of vital digital justice copies, lab photographs, and visual aids presented to the jury to explain the complex technical and medical evidence in this matter. Finally, pursuant to 28 U.S.C. § 1821, Plaintiffs seek costs in witness fees, travel, and subsistence for both fact and expert witnesses who appeared for depositions, the *Daubert* hearing, and trial. As these costs were mandatory for the effective presentation of Plaintiffs'

claims and fall squarely within the permitted categories of § 1920, they should be taxed in full and included in the final judgment for the purpose of the Rule 68 threshold analysis. *See Marneef v. United States*, 75 F.R.D. 14, 16 (M.D. Pa. 1977) (standard witness fees are properly taxable).

Plaintiff's full accounting of costs is attached to the Motion as Exhibit 'E".

**d. Alternatively, Plaintiff Is Entitled To A New Trial Under Rule 59(a)**

Federal Rule of Civil Procedure 59(a) provides that "the court may, on motion, grant a new trial on all or some of the issues... after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). The decision whether to grant a new trial is within the sound discretion of the trial court. *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980); *Blancha v. Raymark Indus.*, 972 F.2d 507, 512 (3d Cir. 1992). Where the motion is based on matters within the district court's discretion—such as evidentiary rulings, jury instructions, or prejudicial statements by counsel— the court has broad latitude in ordering a new trial. *Klein v. Hollings*, 992 F.2d 1285, 1289-90 (3d Cir. 1993).

In evaluating evidentiary errors, a new trial must be granted unless "it is highly probable that [the erroneous ruling] did not affect the [objecting party's] substantial rights." *McQueeney v. Wilmington Trust Co.*, 779 F.2d 916, 928 (3d Cir. 1985). "When a trial judge is convinced that there has been a miscarriage of justice, it is his or her duty to set aside the verdict." *Lightning Lube, Inc. v. Witco Corp.*, 802 F. Supp. 1180 (D.N.J. 1992), *aff'd*, 4 F.3d 1153 (3d Cir. 1993).

The jury's nominal $200,000 award for permanent blindness and facial disfigurement demonstrates a systemic deliberative failure that renders the entire damages verdict unreliable. Because the jury's errors—ranging from the disregard of economic stipulations to the irrationality of the non-economic awards—are inextricably linked, a new trial on all damages is the only remedy that comports with constitutional due process. The jury's confusion on the

stipulated medicals, combined with the nominal non-economic awards, indicates a fundamental breakdown in the jury's deliberative process which mandates a new trial on all damages is the only way to ensure a just outcome pursuant to Rule 59(a).

Further, the damages awarded by the jury for non-economic loss and loss of consortium are likewise so grossly inadequate as to shock the conscience. An award of $0.00 for loss of consortium in the context of a permanent, catastrophic injury is *per se* inconsistent with liability, as held in *Neison v. Hines*, 653 A.2d 634. Pursuant to *Neison v. Hines*, 653 A.2d 634 (Pa. Super. 1995), a verdict that fails to award meaningful damages for undisputed catastrophic injury is *per se* inadequate. A new trial on all damages is necessary to address this manifest failure of the deliberative process.

The jury's apportionment of 40% comparative negligence to Mr. Twigg must also be stricken under Rule 50(b). Plaintiffs preserved this challenge by moving for judgment as a matter of law under Rule 50(a) at the close of evidence. Under *Kimco Development Corp. v. Michael D's Carpet Outlets* is 637 A.2d 603 (Pa. 1993), a user is not required to perform product inspections. Furthermore, under *Sullivan v. Werner Co.*, 306 A.3d 846 (Pa. 2023), negligence based defenses such as are inadmissible for purposes of the strict liability claims herein which were granted. *See also Tincher v. Omega Flex, Inc.*,. As a matter of law, the comparative negligence reduction must be vacated. The jury subsequently confirmed the legal insufficiency of the Defendants' negligence defense by answering "No" to the question of whether the product was used in an unforeseeable manner, and "No" to the question of whether Mr. Twigg possessed knowledge of the defect. Under Pennsylvania law, a consumer has no duty to discover latent design defects that the manufacturer, as the superior party, failed to remedy. By finding that Mr. Twigg followed instructions and remained unaware of the risk, the jury effectively established

that the Plaintiff acted with the ordinary care expected of a reasonable person. Consequently, a finding of negligence is logically and legally untenable, and the 40% reduction must be vacated in its entirety to ensure the verdict conforms to the law.

The 40% comparative negligence finding is legally untenable and must be stricken under Rule 50(b). The jury found Corey Twigg did not use the product in an unforeseeable way (Verdict Question 10) and did not know of the defect (Verdict Question 11). Under Pennsylvania law, a user who employs a product in a foreseeable manner and lacks knowledge of a latent, internal defect acts with "ordinary care." The user of a product has no duty under strict liability. Because there was no evidence that Corey acted unreasonably, a 40% reduction must be stricken as a matter of law. Because the jury found the necessary facts to establish Corey's proper use and lack of knowledge, a finding of "negligence" is logically impossible. By finding that Mr. Twigg followed instructions and lacked notice of the danger, the jury established all factual predicates for the exercise of ordinary care. Therefore, as a matter of law, comparative negligence is unsupported by the evidence and must be vacated in its entirety.

Lastly, and respectfully, the Court's failure to provide a limiting instruction regarding references to the Plaintiffs' workers' compensation benefits allowed the jury to speculate on collateral recovery. Under *Moorhead v. Crozer Chester Med. Ctr.*, 565 Pa. 448 (2001), the collateral source rule explicitly prohibits the jury from considering such benefits to reduce damages. Furthermore, as held in *Lobalzo v. Varoli*, 185 A.2d 557 (Pa. 1962), the introduction of such evidence is 'narcotic' in its effect on a jury, and once the 'poison' of collateral recovery is injected into the minds of the jurors, nothing short of a new trial can purge the prejudice. The jury's nominal damage award in this matter—given the severity of the stipulated injuries—clearly indicates that this error directly infected the deliberative process, necessitated

by a breakdown in the jury's duty to award full compensatory damages, and requires a new trial on damages.

## III. CONCLUSION

**WHEREFORE**, Plaintiffs respectfully request that this Court enter an Order molding the verdict, granting delay damages and Plaintiff's taxation of costs; or in the alternative, granting Plaintiff's motion for a new trial on all damages.

Respectfully submitted,

**N.W. MATTIACCI LAW, LLC**

BY: ***/s/ Nicholas W. Mattiacci***

Nicholas W. Mattiacci, Esq., L.L.M.
804 West Avenue
Jenkintown, PA 19046
(215) 690-4201 (office)
(267) 202-5452 (facsimile)
E-mail: nwm@mattilaw.com
Attorney for Plaintiffs

Date: April 1, 2026.

## CERTIFICATE OF SERVICE

Undersigned Counsel for Plaintiffs hereby certifies that the foregoing Memorandum of Law will be served via email only following the Court's Electronic Docket Entry upon the following:

COUNSEL OF RECORD FOR DEFENDANTS

Respectfully,

**N.W. MATTIACCI LAW, LLC**

BY: ***/s/ Nicholas W. Mattiacci***

Nicholas W. Mattiacci, Esq., L.L.M.
804 West Avenue
Jenkintown, PA 19046
(215) 690-4201 (office)
(267) 202-5452 (facsimile)
E-mail: nwm@mattilaw.com
Attorney for Plaintiffs