## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| COREY TWIGG AND LORI TWIGG, H/W, | : | |
| Plaintiffs, | : | Civil Action No. 4:23-cv-000067-MWB |
| | : | |
| v. | : | |
| | : | |
| VARSITY BRANDS HOLDING CO., INC, BSN | : | |
| SPORTS INC., SPORT SUPPLY GROUP, INC., | : | |
| SPARTAN ATHLETIC COMPAN, GARWARE | : | |
| TECHNICAL FIBRES LTD. D/B/A GOLD | : | |
| MEDAL ATHLETIC PRODUCTS, | : | |
| Defendants. | : | |
| | : | |

### DEFENDANT GARWARE TECHNICAL FIBRES, LTD.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OMNIBUS MOTION FOR POST-TRIAL RELIEF

Defendant Garware Technical Fibres Ltd. ("Garware") (hereinafter "Responding Defendant"), by and through its attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, hereby opposes Plaintiff's Omnibus Motion for Post-Trial Relief and avers as follows:

### I.    MOLDING THE VERDICT

1.    Denied. The averments contained within Paragraph 1 of Plaintiffs' Omnibus Motion for Post-Trial Relief contain conclusions of law to which no response is required.

2.    Admitted in part; denied in part. It is admitted that a stipulation was filed with the Court. The stipulation is a document that speaks for itself and any characterization thereof is specifically denied.

3.    Denied. It is specifically denied that the jury awarded $48,293.00 in past medical expenses.

4.    Denied. The averments contained within Paragraph 4 of Plaintiffs' Omnibus Motion for Post-Trial Relief contain conclusions of law to which no response is required.

1

333773528v.1

Further, Plaintiffs support the contentions to Paragraph four (4) with no authority in this paragraph. Significantly, in *Arnez v. TJX Cos.*, 644 F. App'x 180 (3d Cir. 2016), the parties stipulated that if the plaintiff's doctors testified at trial, they would testify that the amount of claimed past medical expenses is $45,000.00, and that the amount is fair and reasonable. *See* 644 Fed. Appx. at 183. During jury deliberations, the jury asked the District Court whether it had to award Appellants the entire stipulated amount of medical expenses, *to which the District Court responded in the negative.*

5.      Denied. The averments contained within Paragraph 5 of Plaintiffs' Omnibus Motion for Post-Trial Relief contain conclusions of law to which no response is required. Further, Plaintiffs' reliance on *Tyler v. King,* 496 A.2d 16, 21 (Pa. Super. 1985) is misplaced as the case pertains to statements made at a paternity hearing and relying upon criminal law and procedure, not a civil personal injury case regarding economic damages.

6.      Denied. The averments contained within Paragraph 6 of Plaintiffs' Omnibus Motion for Post-Trial Relief contain conclusions of law to which no response is required.

## II.      DELAY DAMAGES

7.      Denied. The averments contained within Paragraph 7 of Plaintiffs' Omnibus Motion for Post-Trial Relief contain conclusions of law to which no response is required.

8.      Denied. The averments contained within Paragraph 8 of Plaintiffs' Omnibus Motion for Post-Trial Relief contain conclusions of law to which no response is required.

9.      Denied. The averments contained within Paragraph 9 of Plaintiffs' Omnibus Motion for Post-Trial Relief contain conclusions of law to which no response is required.

333773528v.1

### III.    TAXATION OF COSTS

10.    Denied. The averments contained within Paragraph 10 of Plaintiffs' Omnibus Motion for Post-Trial Relief contain conclusions of law to which no response is required. Further, Responding Defendant Garware points out that per this Honorable Court's March 19, 2026 Order, Plaintiffs were not permitted to file a Bill of Costs until a decision was entered by the Court on all post-trial motions. A Bill of Costs was then to be filed within 30 days of whatever decision is to be entered. Plaintiffs appear to have had a fundamental misunderstanding of this Court's Order.

11.    Denied. The averments contained within Paragraph 11 of Plaintiffs' Omnibus Motion for Post-Trial Relief contain conclusions of law to which no response is required. Further, Responding Defendant Garware points out that per this Honorable Court's March 19, 2026 Order, Plaintiffs were not permitted to file a Bill of Costs until a decision was entered by the Court on all post-trial motions. A Bill of Costs was then to be filed within 30 days of whatever decision is to be entered. Plaintiffs appear to have had a fundamental misunderstanding of this Court's Order.

12.    Denied. The averments contained within Paragraph 12 of Plaintiffs' Omnibus Motion for Post-Trial Relief contain conclusions of law to which no response is required. Further, Responding Defendant Garware points out that per this Honorable Court's March 19, 2026 Order, Plaintiffs were not permitted to file a Bill of Costs until a decision was entered by the Court on all post-trial motions. A Bill of Costs was then to be filed within 30 days of whatever decision is to be entered. Plaintiffs appear to have had a fundamental misunderstanding of this Court's Order.

333773528v.1

13.	Denied. The averments contained within Paragraph 13 of Plaintiffs' Omnibus Motion for Post-Trial Relief contain conclusions of law to which no response is required. Further, Responding Defendant Garware points out that per this Honorable Court's March 19, 2026 Order, Plaintiffs were not permitted to file a Bill of Costs until a decision was entered by the Court on all post-trial motions. A Bill of Costs was then to be filed within 30 days of whatever decision is to be entered. Plaintiffs appear to have had a fundamental misunderstanding of this Court's Order.

14.	Denied. The averments contained within Paragraph 14 of Plaintiffs' Omnibus Motion for Post-Trial Relief contain conclusions of law to which no response is required. Further, Responding Defendant Garware points out that per this Honorable Court's March 19, 2026 Order, Plaintiffs were not permitted to file a Bill of Costs until a decision was entered by the Court on all post-trial motions. A Bill of Costs was then to be filed within 30 days of whatever decision is to be entered. Plaintiffs appear to have had a fundamental misunderstanding of this Court's Order.

15.	Denied. The averments contained within Paragraph 15 of Plaintiffs' Omnibus Motion for Post-Trial Relief contain conclusions of law to which no response is required. Further, Responding Defendant Garware points out that per this Honorable Court's March 19, 2026 Order, Plaintiffs were not permitted to file a Bill of Costs until a decision was entered by the Court on all post-trial motions. A Bill of Costs was then to be filed within 30 days of whatever decision is to be entered. Plaintiffs appear to have had a fundamental misunderstanding of this Court's Order.

16.	Denied. The averments contained within Paragraph 16 of Plaintiffs' Omnibus Motion for Post-Trial Relief contain conclusions of law to which no response is required.

333773528v.1

Further, Responding Defendant Garware points out that per this Honorable Court's March 19, 2026 Order, Plaintiffs were not permitted to file a Bill of Costs until a decision was entered by the Court on all post-trial motions. A Bill of Costs was then to be filed within 30 days of whatever decision is to be entered. Plaintiffs appear to have had a fundamental misunderstanding of this Court's Order.

### IV.    ALTERNATIVELY, PLAINTIFFS REQUEST A NEW TRIAL

17.    Denied. The averments contained within Paragraph 17 of Plaintiffs' Omnibus Motion for Post-Trial Relief contain conclusions of law to which no response is required.

18.    Denied. The averments contained within Paragraph 18 of Plaintiffs' Omnibus Motion for Post-Trial Relief contain conclusions of law to which no response is required.

19.    Denied. The averments contained within Paragraph 19 of Plaintiffs' Omnibus Motion for Post-Trial Relief contain conclusions of law to which no response is required. Further, Plaintiffs' Counsel never moved for a limiting instruction as to workers' compensation benefit issues and therefore has waived the issue. *See Frank C. Pollara Group, LLC v. Ocean View Inv. Holding, LLC*, 784 F.3d 177, 191, 62 V.I. 758 (3d Cir. 2015) (holding that, "if a party fails to object to an inconsistency in a general verdict before the jury is excused, that party waives any objection in that regard").

20.    Denied. The averments contained within Paragraph 20 of Plaintiffs' Omnibus Motion for Post-Trial Relief contain conclusions of law to which no response is required.

21.    Denied. The averments contained within Paragraph 21 of Plaintiffs' Omnibus Motion for Post-Trial Relief contain conclusions of law to which no response is required.

22.    Denied. The averments contained within Paragraph 22 of Plaintiffs' Omnibus Motion for Post-Trial Relief contain conclusions of law to which no response is required. It is

further specifically denied that the cited case, *Kimco Development Corp. v. Michael D's Carpet Outlets,* 637 A.2d 603 (Pa. 1993), stands for the cited holding suggest by the Plaintiffs.

**WHEREFORE**, Responding Defendant, Garware Technical Fibres, Ltd., respectfully requests that this Honorable Court deny Plaintiffs' Omnibus Motion for Post-Trial Relief.

<div style="margin-left: 40%;">

Respectfully submitted,

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

/s/ *John T. Donovan*

By: _____

John T. Donovan, Esquire
Two Commerce Square
2000 Market Street, Suite 3100
Philadelphia, PA, 19103
215-627-6900 (phone)
215-627-2665 (facsimile)
john.donovan@wilsonelser.com
Pa. ID No.: 66494
*Attorney for Defendant,*
*Garware Technical Fibres Ltd.*

</div>

Date: <u>April 17, 2026</u>

<div style="text-align:center;">6</div>

**CERTIFICATE OF SERVICE**

I, John T. Donovan, Esquire, do hereby certify that a true and correct copy of the foregoing

Response in Opposition to Plaintiffs' Omnibus Motion for Post-Trial Relief of Defendant Garware

Technical Fibres, Ltd. was filed and served via electronic filing notification upon all counsel of

record, and via First Class mail upon all unrepresented parties, on April 17, 2026 as follows:

Nicholas W. Mattiacci, Sr., Esq.
N.W. Mattiacci Law, LLC
804 West Avenue
Jenkintown, Pa 19046
nwm@mattilaw.com
*Attorney for Plaintiffs, Corey and Lori Twigg, h/w*

John Michael Kunsch, Esq.
Sweeney & Sheehan
1515 Market St, Suite 1900
Philadelphia, PA 19102
michael.kunsch@sweeneyfirm.com
*Attorney for Defendants*, *Varsity Brand Holding Co., BSN Sports Inc.,
and Sport Supply Group, Inc.*

Respectfully submitted,

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

/s/ *John T. Donovan*

By: _____

John T. Donovan, Esquire
Two Commerce Square
2000 Market Street, Suite 3100
Philadelphia, PA, 19103
215-627-6900 (phone)
215-627-2665 (facsimile)
john.donovan@wilsonelser.com
Pa. ID No.: 66494
*Attorney for Defendant,
Garware Technical Fibres Ltd*

Date: April 17, 2026

7

333773528v.1