**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| COREY TWIGG AND LORI TWIGG, H/W, <br>                     Plaintiffs, <br><br> v. <br><br> VARSITY BRANDS HOLDING CO., INC, BSN SPORTS INC., SPORT SUPPLY GROUP, INC., SPARTAN ATHLETIC COMPAN, GARWARE TECHNICAL FIBRES LTD. D/B/A GOLD MEDAL ATHLETIC PRODUCTS, <br>                     Defendants. | Civil Action No. 4:23-cv-000067-MWB |

**DEFENDANT GARWARE TECHNICAL FIBRES, LTD.'S BRIEF IN OPPOSITION TO PLAINTIFF'S OMNIBUS MOTION FOR POST-TRIAL RELIEF**

Defendant Garware Technical Fibres Ltd. ("Garware"), by and through its attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, hereby opposes Plaintiffs' Omnibus Motion for Post-Trial Relief and submits the instant brief in opposition thereto:

## I.     TABLE OF AUTHORITIES[1]

### A.     Case Law:

*Arnez v. TJX Cos.*,
    644 Fed. Appx. 180 (3d Cir. 2016) ............................................................................. 10-11

*Berkeihiser v. DiBartolemeo*,
    413 Pa. 158, 196 A.2d 314 (1964) .................................................................................11

*Burrell v. Philadelphia Elec. Co.*,
    438 Pa. 286, 265 A.2d 516 (1970) .................................................................................12

*ByoPlanet, Int'l, LLC v. Johansson*,
    792 F.Supp.3d 1341 (S.D. Fla. 2025) ..............................................................................6

---

[1] The Table of Authorities herein contains only those authorities relied on by Garware in its brief.

*Dawson v. Fowler*,
   384 Pa. Super. 329, 558 A.2d 565 (Pa. Super. Ct. 1989)....................................................11

*Dietrick v. Karnes*,
   329 Pa. Super. 372, 478 A.2d 835 (1984)........................................................................13

*Elza v. Chovan*,
   396 Pa. 112, 152 A.2d 238 (1959) ..............................................................................10, 12

*Fletcher v. Experian Info. Sols., Inc.*,
   168 F.4th 231 (5th Cir. 2026) ............................................................................................6

*Frank C. Pollara Group, LLC v. Ocean View Inv. Holding, LLC*,
   784 F.3d 177 (3d Cir. 2015)..................................................................................... 9-10, 15

*Gagliano v. Ditzler,*
   437 Pa. 230, 263 A.2d 319 (1970) ...................................................................................11

*Gallagher v. Marguglio*,
   429 Pa. Super. 451, 632 A.2d 1309 (1993),
   *appeal denied*, 538 Pa. 612, 645 A.2d 1316 (1994) .........................................................10

*Gasperini v. Center for Humanities, Inc.*,
   518 U.S. 415, S. Ct. 2211 (1996)......................................................................................12

*Hill v. Commonwealth, Bureau of Corrections*,
   124 Pa. Commw. 172, 555 A.2d 1362 (1989) ..................................................................10

*Jackson v. Capello*,
   201 Pa. Super. 91, 191 A.2d 903 (1963)..........................................................................13

*Kerzner v. Global Upholstery Co., Ltd.*,
   1997 U.S. Dist. LEXIS 18457, 1997 WL 727692 (E.D. Pa. Nov. 19, 1997) ....................12

*Kindermann v. Cunningham*,
   110 A.3d 191 (Pa. Super. Ct. 2015)............................................................................11, 13

*Kiser v. Schulte*,
   538 Pa. 219, 648 A.2d 1  (1994) ......................................................................................12

*Lifetime Well LLC v. IBSpot.com, Inc.*,
   C.A. No. 25-5135, 2026 U.S. Dist. LEXIS 13363 (E.D. Pa., Jan. 26, 2026) ......................6

*Marneef v. United States*,
   533 F. Supp. 129 (E.D. Mich. 1981)..................................................................................5

334103829v.1

*Mata v. Avianca, Inc.*,
    678 F. Supp. 3d 443 (S.D.N.Y. 2023)....................................................................6

*Moore v. Susquehanna Area Reg'l Airport Auth.*,
    No. 2-0535, 2005 U.S. Dist. LEXIS 45023,
    2005 WL 2430790  (M.D. Pa. Sept. 30, 2005) ...................................................16

*Park v. Kim*,
    91 F.4th 610 (2d Cir. 2024) ..................................................................................6

*Patterson v. Palley Mfg. Co.*,
    360 Pa. 259, 61 A.2d 861 (1948) ........................................................................13

*Paustenbaugh v. Ward Baking Co.*,
    374 Pa. 418, 97 A.2d 816 (1953) ........................................................................12

*Peck v. Haberle,*
    434 Pa. Super. 132, 642 A.2d 509 (1994)...........................................................10

*Valenti v. Allstate Ins. Co.*,
    243 F. Supp. 2d 221 (M.D. Pa. 2003) .................................................................16

*Williamson v. CONRAIL*, 9
    26 F.2d 1344 (3d Cir. 1991)........................................................................... 10-11

**B.**    <u>**Statutes/Regulations:**</u>

Fed. R. Civ. P. 11........................................................................................................6, 8, 18

Fed. R. Civ. P. 32.1..........................................................................................................10

Fed. R. Civ. P. 50(b) .........................................................................................................15

Fed. R. Civ. P. 59..............................................................................................................15

Pa. R. Civ. P. 238..............................................................................................................17

42 Pa. C.S. § 7102.............................................................................................................14

**C.**    <u>**Other Authorities:**</u>

Third Circuit Internal Operating Procedures Rule 5.7 .....................................................10

334103829v.1

## II.    RELEVANT FACTS AND PROCEDURAL HISTORY

On March 9, 2026, the jury entered its verdict in this case finding that the Collegiate L-Screen had both design and warnings defects that caused Plaintiff Corey Twigg's injuries, that both Garware and BSN Sports, Inc. ("BSN Sports), were negligent, that Plaintiff Corey Twigg was also negligent, and apportioning causal fault at 40% for Plaintiff Corey Twigg, 40% for BSN Sports, and 20% for Garware. The jury awarded damages in the total amount of $292,634.00 categorized as follows: (1) $48,973.00 for past medical expenses; (2) $22,000.00 for future medical expenses; (3) $21,661.00 for past and future wage loss/economic capacity; and $200,000.00 for noneconomic losses. The jury did not award damages for Plaintiff Lori Twigg's loss of consortium claim. The jury also determined that the conduct of Garware and BSN Sports was not outrageous and, therefore, no punitive damages were awarded. (ECF Doc. No. 208).

Following trial, Plaintiffs, Corey and Lori Twigg, filed an Omnibus Motion for Post-Trial Relief ("Omnibus Motion") and supporting Memorandum of Law (ECF Doc. Nos. 217-218) citing a host of unfounded issues pertaining to the jury's award and conduct of the trial. Specifically, Plaintiffs request that this Court: (1) mold the verdict to include additional economic damages which they claim are part of a stipulation that the jury was not free to disregard; (2) strike the jury's finding of 40% comparative negligence on the part of Plaintiff Corey Twigg since the jury found that the product at issue was defective; (3) enter a bill of costs at this time; and (4) alternatively, grant a new trial. Plaintiffs also take issue with the amount awarded for Corey Twigg's pain and suffering and the zero-dollar judgment entered on Lori Twigg's loss of consortium claim. Moreover, Plaintiffs baselessly argue that the Court failed to provide a limiting instruction as to Corey Twigg's workers' compensation benefits and that the collateral source rule has been violated. However, as will be discussed herein, none of Plaintiffs' arguments have any merit

334103829v.1

whatsoever, and Garware respectfully requests that this Honorable Court deny Plaintiffs' Omnibus Motion in its entirety.

However, as an initial matter, Garware is compelled to point out that Plaintiffs' supporting memorandum improperly cites to and relies on, in some instances, fabricated case citations presumed to have been generated by artificial intelligence ("AI"),  and in other instances, case law which is incorrectly cited, completely unrelated and/or irrelevant to the issue being cited for, or grossly misquoted or mischaracterized.

Significantly, this is not the first time Plaintiffs have cited to fabricated AI-generated case citations. On March 10, 2026, Plaintiffs filed their first post-trial motion (ECF Doc. 211), which was ultimately stricken by this Court per the March 19, 2026 Order (ECF Doc. 216), and in that motion, Plaintiffs also cited to fabricated AI-generated case law which included: (1) *Weis v. Weis,* 365 A.2d 1205 (Pa. 1976) (*see* ECF Doc. No. 211-1, p. 4; ECF Doc. No. 212, pp. 2, 4); (2) *Bish v. First Nat'l Bank of St. Marys,* 860 A.2d 1079 (Pa. Super. 2004) (ECF Doc. No. 211-1, pp. 4, 6; ECF Doc. No. 212, p. 8); and (3) *Kimco Dev. Corp v. Sullivan Corp.*, 527 Pa. 551 (1991) (ECF Doc. No. 211-1, p. 4; ECF Doc. No. 212, p. 7). While these three cases were removed from Plaintiffs'  refiled Omnibus Motion, Plaintiffs nevertheless included another fabricated case, *Electrolux Home Prods., Inc. v. Whitesell Corp.*, 2103 WL 5424701 (E.D. Pa. 2013) (ECF Doc. No. 218, p. 10), and also cite to *Marneef v. United States,* 75 F.R.D. 14, 16 (M.D. Pa. 1977) (ECF Doc. No. 218, p. 11), even though no such case exists at that citation.[2]

Additionally, Plaintiffs include quotations that do not actually appear in the cases cited. For example, the quotations that Plaintiffs attribute to *Parkell v. Danberg*, 833 F.3d 313, 323 (3d

---

[2] There is a case *Marneef v. United States*,  533 F. Supp. 129 (E.D. Mich. 1981), but it does not involve the taxation of costs issue for which the case was cited.

5

Cir. 2016) (ECF Doc. No. 218, p. 6), *Toulomes v. E.S.C., Inc.,* 899 A.2d 343, 348 (Pa. 2006) (ECF Doc. No. 218, p. 7), and *Labalzo v. Varoli*, 185 A.2d 557 (Pa. 1962) (ECF Doc. No. 218, p. 13) do not appear therein. Moreover, Plaintiffs cite to other cases which are completely unrelated to the propositions being cited for, as will be discussed in the relevant sections below.

"[T]he duties imposed by Rule 11 [of the Federal Rules of Civil Procedure] require that attorneys read, and thereby confirm the existence and validity of, the legal authorities on this they relay." *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024) (clarification added). There is "no other way to ensure that the arguments made based on those authorities are 'warranted by existing law.'" *Id.* (quoting Fed. R. Civ. P. 11(b)(2)). A brief that contains non-existent AI-generated case law "presents a false statement to [the] Court". *Park*, 91 F.4th at 615. "To ethically use generative AI in the practice of law – which . . . can be helpful if done properly and carefully – a lawyer must 'ensure that the legal propositions and authority generated are trustworthy.'" *Fletcher v. Experian Info. Sols., Inc.*, 168 F.4th 231 (5th Cir. 2026) (quoting *ByoPlanet, Int'l, LLC v. Johansson*, 792 F.Supp.3d 1341, 1347 (S.D. Fla. 2025)). In fact, "[a]n attempt to persuade a court or oppose an adversary by relying on fake opinions is an abuse of the adversary system." *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 461 (S.D.N.Y. 2023) (internal citations omitted). Recently, the issue of citing to fake AI-generated case law was addressed by a district court in the Third Circuit. In *Lifetime Well LLC v. IBSpot.com, Inc.*, C.A. No. 25-5135, 2026 U.S. Dist. LEXIS 13363 (E.D. Pa., Jan. 26, 2026), the U.S. District Court for the Eastern District noted that "[t]he integrity of the adversarial process depends on attorneys confirming the accuracy of what they submit before invoking judicial resources." *Id.*, at \*13. Significantly, the Courts in *Fletcher*, *Mata*, and *Lifetime Well*, ordered the attorneys to pay sanctions for their conduct for citing to fake AI-generated case law in court filings.

334103829v.1

Plaintiffs' counsel's conduct here in citing to and relying on fabricated AI-generated cases, citing to various cases for quotations that do not appear therein, and citing to various cases that simply do not even come close to involving the issues being cited for, is egregious.  It is even more egregious if he removed the three fabricated cases from his first motion because he realized that they were fabricated, yet still cited to additional fabricated AI-generated cases in the more recent Omnibus Motion. This conduct warrants sanctions.

### III.   COUNTERSTATEMENT OF ISSUES

1.     Whether Plaintiffs' Omnibus Motion should be denied to the extent it seeks to mold the verdict or seeks a new trial on damages due to the inadequacy of the amount of the verdict where the amount of damages awarded by the jury is reasonable and should not shock the conscience of the court.

*Suggested Answer:    Yes.*

2.     Whether Plaintiffs' request to have Corey Twigg's comparative negligence finding stricken should be denied where Plaintiffs have failed to show that the jury's finding was not supported by substantive evidence or that the legal conclusion implied by the jury's verdict cannot be supported by the findings.

*Suggested Answer:    Yes.*

3.     Whether Plaintiffs' Omnibus Motion should be denied where Plaintiffs' erroneously contend that the trial court erred in failing to provide a limiting instruction as to workers' compensation benefits that Plaintiffs' counsel waived at trial.

*Suggested Answer:    Yes.*

334103829v.1

4.    Whether Plaintiffs' request for judgment as a matter of law pursuant to rule 50(b) be denied where Plaintiffs have not adequately averred the standard of the rule nor presented evidence sufficient to pass muster under it.

*Suggested Answer:    Yes.*

5.    Whether Plaintiffs' proposed bill of costs and request for taxation should be stricken in its entirety where Plaintiffs failed to comply with this Honorable Court's March 19, 2026 order directing Plaintiffs to wait thirty (30) days after a decision has been entered on all post-trial motions to file their bills of costs.

*Suggested Answer:    Yes.*

6.    Whether Plaintiffs' Omnibus Motion should be denied in its entirety based solely on Plaintiffs' egregious reliance on fabricated case law in violation of Rule 11 of the Federal Rules of Civil Procedure and in violation of this Court's rules and procedures.

*Suggested Answer:    Yes.*

IV.    **ARGUMENT**

A.    **Plaintiffs' Omnibus Motion Should Be Denied to the Extent it Seeks to Mold the Verdict or Seeks a New Trial on Damages Where the Amount of Damages Awarded by the Jury is Reasonable and Should Not Shock the Conscience of the Court.**

In this case, the jury awarded damages in every category requested by Plaintiffs except for loss of consortium and punitive damages. Plaintiffs do not challenge the jury's verdict to the extent that it found that punitive damages were not warranted.  Nevertheless, Plaintiffs challenge the amounts of the awards for past medical expenses, future medical expenses, past and future wage loss, and non-economic damages.  Their challenges are unfounded.

334103829v.1

### 1.      Plaintiffs' Request to Mold the Verdict to Reflect the Stipulated Amount of Economic Damages is Without Merit.

Plaintiffs request that the jury's verdict be molded to reflect the stipulated past economic damages ($341,402.37) and medical costs ($81,622.50). (ECF Doc. No. 203). Plaintiffs contend that the jury's failure to award the stipulated past economic damages is inconsistent with, "established Third Circuit law." However, the only case cited by Plaintiffs in support of this argument is *Tyler v. King,* 496 A.2d 16, 21 (Pa. Super. 1985), is completely irrelevant as it involves statements made at a paternity hearing referencing criminal law and procedure, not a civil personal injury case regarding economic damages.

Garware points out that the referenced stipulation provides that Counsel agreed to certain values reflecting past medical and economic damages of Corey Twigg, but that stipulation was a limited one. The jury was specifically instructed that "[t]o recover medical expenses, Mr. Twigg must prove that the medical care was reasonably required and that the amount of the expenses were reasonable." (ECF Doc. No. 207, p. 32). Similarly, the jury was instructed that Mr. Twigg could recover what he "would likely have earned in wages, compensation, and fringe benefits from the time of the injury to today, but for the injury the defendant caused…." (ECF Doc. No. 207, p. 33). Therefore, a stipulation on the amount of medical bills or economic damages that Plaintiffs would have put on the board at trial, without a corresponding stipulation on the reasonableness of those bills/damages or that they were all caused by the injuries attributed to the Defendants, means that the jury was tasked with deciding the reasonableness and relatedness aspects, which they did. Additionally, by not objecting to the jury instructions or the jury verdict form to the extent they believed it was inconsistent with the stipulation, they waived this issue in any event. *See Frank C. Pollara Group, LLC v. Ocean View Inv. Holding, LLC*, 784 F.3d 177, 191 (3d Cir. 2015) (holding

9

334103829v.1

that, "if a party fails to object to an inconsistency in a general verdict before the jury is excused, that party waives any objection in that regard.").

"If the verdict bears a reasonable resemblance to the proven damages, it is not the function of the court to substitute its judgment for the jury's. Moreover, the mere fact that the verdict is low does not mean that it is inadequate." *Elza v. Chovan,* 396 Pa. 112, 115, 152 A.2d 238, 240 (1959); *see also Peck v. Haberle,* 434 Pa. Super. 132, 137, 642 A.2d 509, 511 (1994); *Hill v. Commonwealth, Bureau of Corrections*, 124 Pa. Commw. 172, 177, 555 A.2d 1362, 1365 (1989); *Gallagher v. Marguglio*, 429 Pa. Super. 451, 632 A.2d 1309, 1311 (1993), *appeal denied*, 538 Pa. 612, 645 A.2d 1316 (1994).

Here, conflicting expert testimony as to economic damages was presented to the jury by both the Plaintiffs and the Defendants and, therefore, the value to be awarded was within the sole discretion of the jury. Plaintiffs are not entitled to disturb the award of economic damages for these reasons. Garware respectfully requests this Honorable Court to deny Plaintiff's Omnibus Motion on this ground.

The Third Circuit has refused to disturb an award where the jury awarded less than the stipulated amount of economic damages. In *Arnez, supra.*, the Third Circuit was tasked with reviewing a District Court's post-trial ruling denying the Plaintiffs motion for a new trial on damages and held that a jury's award must be upheld unless it is against the weight of the evidence, shocks the conscience of the court, or results in a miscarriage of justice. *See Arnez v. TJX Cos.*, 644 Fed. Appx. 180, 185 (3d Cir. 2016)[3] (citing *Williamson v. CONRAIL*, 926 F.2d 1344, 1353

---

[3] *Arnez* is not precedential under Rule 5.7 of the Third Circuit Internal Operating Procedures, but it may be cited for its persuasive value pursuant to Rule 32.1 of the Federal Rules of Appellate Procedure.

334103829v.1

(3d Cir. 1991)). Significantly, in *Arnez*, the parties stipulated that if the plaintiff's doctors testified at trial, they would testify that the amount of claimed past medical expenses is $45,000.00, and that the amount is fair and reasonable. *See* 644 Fed. Appx. at 183. During jury deliberations, the jury asked the District Court whether it had to award Appellants the entire stipulated amount of medical expenses, *to which the District Court responded in the negative. Id.* Thereafter, the jury found that the plaintiff and defendant were both 50% at fault and awarded $5,000.00 in medical expenses. *Id.* The Third Circuit concluded that, "[b]ased on the evidence submitted at trial, the jury was free to award Appellants some or all of what they were asking for or nothing at all." *Id*. at 184.

Additionally, in *Kindermann v. Cunningham*, 110 A.3d 191 (Pa. Super. Ct. 2015), the Pennsylvania Superior Court stated:

> The trial court concluded that the jury in this case compromised its verdict, a finding that is amply supported by the record, and we defer to the trial court's assessment. . . . The conciliation is only more evident because the verdict was less than the stipulated economic loss. Nor can we assume, as Mr. Kindermann assumes, that the general damage award did not encompass damages for pain and suffering.
>
> On these facts, a new trial limited to damages is unfair. . . . Where, as here, liability was contested and testimony was conflicting, the jury's compromise **verdict** should be permitted to stand undisturbed.

*Id.*, at 195 (citing *Berkeihiser v. DiBartolemeo,* 413 Pa. 158, 196 A.2d 314 (1964); *Gagliano v. Ditzler,* 437 Pa. 230, 231, 263 A.2d 319, 320 (1970); and *Dawson v. Fowler*, 384 Pa. Super. 329, 558 A.2d 565 (Pa. Super. Ct. 1989)).

The facts of the case at bar mirror *Arnez* in that the Plaintiffs are motioning for a new trial and seeking to have a verdict molded based upon a stipulation that does not address reasonableness leaving the jury to decide those issues, where Plaintiffs have waived the issued in any event, and

11

where Plaintiffs have failed to support their argument with any actual case law. For these reasons, Garware respectfully requests this Honorable Court to deny Plaintiff's Omnibus Motion on this ground.

**2.      Plaintiffs' Request for a New Trial Based on Inadequacy of the Amount of the Jury Verdict is Without Merit Where the Jury's Award is Reasonable and Does Not Shock the Conscience.**

When determining whether to grant a new trial in a diversity case, the district court must evaluate the excessiveness or inadequacy of damages in light of state law standards. *See Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 438-39, 135 L. Ed. 2d 659, 116 S. Ct. 2211 (1996) (instructing court of appeals to remand case so that district court could evaluate jury's award using New York standard for excessive damages); *Kerzner v. Global Upholstery Co., Ltd.*, 1997 U.S. Dist. LEXIS 18457, 1997 WL 727692 *1 n.3 (E.D. Pa. Nov. 19, 1997) ("Federal courts sitting in diversity look to state law to determine the adequacy of damages").

It is the province of the jury to assess the worth of the testimony and to accept or reject the estimates given by the witnesses. If the verdict bears a reasonable resemblance to the proven damages, it is not the function of the court to substitute its judgement for the jury's. *Elza*, 396 Pa. at 115, 152 A.2d at 240 (*citing Paustenbaugh v. Ward Baking Co.*, 374 Pa. 418, 97 A.2d 816 (1953)). As noted above, a trial court may only grant a new trial when the jury's verdict is so contrary to the evidence that it "shocks one's sense of justice." *Kiser v. Schulte*, 538 Pa. 219, 225, 648 A.2d 1, 4 (1994); *Burrell v. Philadelphia Elec. Co.*, 438 Pa. 286, 289, 265 A.2d 516, 518 (1970). A jury verdict is set aside as inadequate only when it appears to have been the product of passion, prejudice, partiality, or corruption. *Elza,* 396 Pa. at  114, 152 A.2d at 240.

As also noted above, the mere fact that a verdict is low does not mean that it is inadequate. *See id.*, at 115, 152 A.2d at  240. "There is no magic in amounts but only in the circumstances, and

334103829v.1

compromise verdicts are both expected and allowed . . . The compromise may arise out of damages or negligence or the balance of evidence concerning either or both, and the grant of a new trial may be an injustice to the defendant rather than an act of justice to the plaintiff." *Elza,* 396 Pa. at 115, 152 A.2d at 240 (citing *Patterson v. Palley Mfg. Co.*, 360 Pa. 259, 61 A.2d 861 (1948)). In fact, as the Pennsylvania Supreme Court made clear in *Elza*, jury awards that are less than the expenses put on the board at trial are not, *per se* unreasonable. *Elza,* 396 Pa. at 115, 152 A.2d at 240 (holding that "[m]erely because the verdict is less than the expenses is no criterion"). Moreover, as discussed above, the amount of a jury's verdict can also often reflect a compromise. *See Kindermann, supra.; see also Dietrick v. Karnes*, 329 Pa. Super. 372, 377, 478 A.2d 835, 837 (1984); *Jackson v. Capello*, 201 Pa. Super. 91, 191 A.2d 903 (1963).

In this case, the jury's award was not contrary to the evidence such that it shocks one's sense of justice. Plaintiff Corey Twigg was awarded a six-figure verdict after conflicting testimony and evidence was exchanged in the case pertaining to liability and damages. The jury evaluated the evidence and clearly awarded a sum consistent with the shallow evidence supporting that any product was defective and overwhelming evidence supporting Corey Twigg's comparative fault. Further, there is no indication that the award was the product of passion, prejudice, partiality or corruption.

Plaintiffs cite to *Neison v. Hines*, 539 Pa. 516, 653 A.2d 634 (1995) for the proposition that a new trial on damages is warranted because the jury failed to award any loss of consortium claim to Lori Twigg. However, Plaintiffs' reliance on *Neison* for this argument is misplaced as the holding of that case has nothing to do with a loss of consortium claim. The Court in *Neison* examined issues regarding a jury's failure to award pain and suffering in light of objective injuries presented at trial. *Id.* The case is simply not on point in this matter as the jury in the case did award

13

Corey Twigg $200,000 for pain and suffering. Plaintiffs have provided no authority supporting the claim that the jury was required to award damages for loss of consortium.

The fact that the verdict came in lower than Plaintiffs' and their attorney's expectations does not mean that it is inadequate. Viewing the verdict through the lens of compromise, the jury's overall award is seemingly consistent with the forecasted defense economic reporting. As the Pennsylvania Courts have consistently held, similar to the case at bar, the amount of the award may be low, but it certainly is not nominal such that it would give rise to an inference of mistake or partiality by the jury.

### B. Plaintiffs' Request to Have the Jury's Finding of Comparative Negligence Stricken is Unfounded.

Plaintiffs contend that, despite pleading negligence against the Defendants in this lawsuit, that the jury's finding of comparative negligence on the verdict sheet must be stricken and the verdict molded accordingly. Plaintiffs aver that the issue of comparative negligence has been preserved by moving for a renewed motion for judgment as a matter of law.

In support of this argument Plaintiffs cite to *Kimco Development Corp. v. Michael D's Carpet Outlets* is 637 A.2d 603 (Pa. 1993), which is a real strict products liability case but one that does not stand for the proposition proposed by Plaintiffs that, " a user is not required to perform product inspections."

To the contrary, Plaintiffs' pleaded negligence in this case and, therefore, Corey Twigg's comparative negligence was a relevant issue in the case governed under 42 Pa. C.S. § 7102. Plaintiff Corey Twigg's comparative negligence was an issue carved out into the verdict sheet *to which Plaintiffs never objected.* Plaintiffs attempt to circumvent the jury's award by relying on fictitious case law. The evidence was more than sufficient for the jury to find that Corey Twigg

14

334103829v.1

was comparatively negligent through testimony regarding the condition of the net prior to its use on the day of the incident along with eye witness testimony pertaining to the use and quantity of zip ties on it prior to Corey Twigg's use.

For these reasons, the jury's finding of comparative negligence should not be stricken from the verdict sheet. For the same reasons, the verdict should be molded to reflect Plaintiff Corey Twigg's comparative negligence. Responding Defendant respectfully requests this Honorable Court deny Plaintiff's Omnibus Motion on this issue.

### C.        Plaintiffs' Position on Collateral Source is Misplaced.

Plaintiffs cite to the alleged failure of the Court to provide a limiting instruction regarding references to workers' compensation benefits at trial. However, Garware notes that Plaintiffs' Counsel never requested that a limiting instruction be given to the jury. (March 9, 2026 Jury Charge, ECF Doc. No. 207). For this reason alone, Plaintiffs have waived any issue pertaining to collateral source and the relief requested by the Plaintiffs, namely, a new trial, must be denied. *See Frank C. Pollara Group, LLC, supra.*

### D.        Plaintiffs Are Not Entitled to Judgment as a Matter of Law.

In the event an adverse judgment is entered, the movant may renew the motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b):

> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motions. No later than 28 days after the entry of judgment . . . the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59.

Fed. R. Civ. P. 50(b). "In order to prevail, the moving party must show that the jury's findings, presumed or expressed, are not supported by substantive evidence, or if they [are], that the legal

15

conclusions implied [by] the jury's verdict cannot in law be supported by the findings." *Moore v. Susquehanna Area Reg'l Airport Auth.*, No. 2-0535, 2005 U.S. Dist. LEXIS 45023, 2005 WL 2430790, at *2 (M.D. Pa. Sept. 30, 2005) (*citing Valenti v. Allstate Ins. Co.*, 243 F. Supp. 2d 221, 223 (M.D. Pa. 2003)).

Plaintiffs' memorandum of law cites to *Parkell v. Danberg*, 833 F.3d 313, 323 (3d Cir. 2016), and they contend that the Third Circuit held, in quotations from that case, that, "the record is critically deficient of that minimum quantum of evidence from which a jury might reasonably afford relief." (ECF Doc. No. 218, at p. 6).  However, that quotation simply does not appear in that case. Moreover, the case deals with summary judgment standards, not Rule 50 standard. Therefore, it is not on point with the issues in the present case and is simply another misquoted and misrelied upon case used in Plaintiffs' Omnibus Motion without any regard for the accuracy thereof.

Entertaining the standard for Renewed Judgment as a Matter of Law, Plaintiffs have not shown that the jury's findings were not supported by substantive evidence or that the legal conclusions implied by the jury's verdict were not supported by the findings. The jury's award plainly shows that they followed the Court's instructions as to the elements of Plaintiffs' strict liability and negligence claims. The jury heard substantial evidence regarding Plaintiff Corey Twigg's comparative negligence and, because Plaintiffs proceeded to the jury with negligence still in the case, it found him to be comparatively negligent presumably given the abundant evidence showing his use of a damaged L Screen Hood that someone attempted to repair with zip ties. Based on the evidence presented at trial, Plaintiffs movement for Renewed Judgment as a Matter of Law must fail.

334103829v.1

**E.      Plaintiffs' Request for Delay Damages and Costs is Improperly Calculated.**

Plaintiffs also request delay damages pursuant to Rule 238 of the Pennsylvania Rules of Civil Procedure in the amount of $225,148.24 from March 5, 2022 (one year after service of the Complaint) through March 9, 2026 (the date the verdict was entered). However, as Plaintiffs' request for delay damages is based on the amount of verdict they believe they are entitled to rather than the actual verdict entered, and based on an inaccurate timeframe, it should be rejected.

First, Rule 238(a)(1) clearly states that delay damages are to be calculated based on the amount of compensatory damages awarded by the jury. Here, however, Plaintiffs' calculation for delay damages is made upon the fallacious claim that the verdict be molded to $715,658.87, not the compensatory damages awarded by the jury in the amount of $292,634.00. Therefore, Plaintiffs' calculation is in error.

Second, Plaintiffs' request does not take into account the February 13, 2026 Offer of Judgment made to Plaintiffs pursuant to Fed. R. Civ. P. 68 which far exceeded the amount of the verdict entered.  Rule 238(b)(1)(i) states that "[t]he period of time for which damages for delay shall be calculated under subdivision (a)(2) shall exclude the period of time, if any, (i) after the defendant made a written offer which complied with the requirements of subdivision (b)(2), provided that the plaintiff obtained a recovery which did not exceed the amount described in subdivision (b)(3)". Therefore, Plaintiffs are not entitled to delay damages through the date of the verdict but, rather, would only be entitled to them up to the date the Offer of Judgement was made. Again, Plaintiffs' calculation of delay damages is in error.

**G.      Plaintiffs' Have Failed to Comply with the Court's March 19, 2026 Order and the Federal Rules of Civil Procedure.**

As noted, on March 19, 2026, this Court entered an Order that specifically states:

17

334103829v.1

> Plaintiffs may file a bill of costs only 30 days after a decision is entered on all post-trial motions. That bill of costs must be filed within 30 days of the entry of that decision.

(ECF Doc. No. 216, p. 3). Completely ignoring this Court's directive, Plaintiffs included a request for taxation of costs in their Omnibus Motion. As this Court made it clear that costs and taxation would not be considered until after a decision on the post-trial motions, it was improper for Plaintiffs to include a request for taxation of costs in its Omnibus Motion, and it should be stricken.

### H.    Plaintiffs' Omnibus Motion Violates Rule 11 and Should Be Stricken.

In the Mach 19, 2026 Order, this Court stated:

> [T]hroughout the course of this litigation, Plaintiffs' counsel had been given a great deal of lenience by the Court in regard to his adherence to Federal Rules of Civil Procedure and Local Rules. While these errors have been harmless in the past, the Court will no longer grant Plaintiffs' counsel the benefit of the doubt. . . . This will be the final bit of the apple for Plaintiffs to raise post-trial issues with this Court and they must do so in a manner complying with this Order and both local and federal rules. If they do not, they are on notice that the Court is prepared [to] strike arguments, award adverse inferences, or consider other appropriate sanctions.

(ECF Doc. No. 216, p. 2).

In that regard, for the reasons set forth above, at pp. 4-6, Plaintiffs' counsel's conduct in citing to and relying on fabricated AI-generated cases, citing to various cases for quotations that do not appear therein, and citing to various cases that simply do not even come close to involving the issues being cited for, is egregious, a waste of the Court's and the Defendants' time, and violates Rule 11 of the Federal Rules of Civil Procedure. Not only should Plaintiffs' counsel be sanctioned for the Rule 11 violations, but Plaintiffs' Omnibus Motion should also be denied for that same reason.

18

334103829v.1

## V.      **CONCLUSION**

For these reasons, Responding Defendant respectfully requests that this Honorable Court

deny Plaintiffs' Plaintiff's Omnibus Motion for Post-Trial Relief.

Respectfully submitted,

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

/s/ *John T. Donovan*

By:     _____

John T. Donovan, Esquire
Two Commerce Square
2000 Market Street, Suite 3100
Philadelphia, PA, 19103
215-627-6900 (phone)
215-627-2665 (facsimile)
john.donovan@wilsonelser.com
Pa. ID No.: 66494
*Attorney for Defendant,*
*Garware Technical Fibres Ltd.*

Date: April 17, 2026

334103829v.1

## CERTIFICATE OF SERVICE

I, John T. Donovan, Esquire, do hereby certify that a true and correct copy of the foregoing Brief in Opposition to Plaintiffs' Omnibus Motion for Post-Trial Relief of Defendant Garware Technical Fibres, Ltd. was filed and served via electronic filing notification upon all counsel of record, and via First Class mail upon all unrepresented parties, on April 17, 2026 as follows:

Nicholas W. Mattiacci, Sr., Esq.
N.W. Mattiacci Law, LLC
804 West Avenue
Jenkintown, Pa 19046
nwm@mattilaw.com
*Attorney for Plaintiffs, Corey and Lori Twigg, h/w*

John Michael Kunsch, Esq.
Sweeney & Sheehan
1515 Market St, Suite 1900
Philadelphia, PA 19102
michael.kunsch@sweeneyfirm.com
*Attorney for Defendants, Varsity Brand Holding Co., BSN Sports Inc.,
and Sport Supply Group, Inc.*

Respectfully submitted,

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

/s/ *John T. Donovan*

By: _____

John T. Donovan, Esquire
Two Commerce Square
2000 Market Street, Suite 3100
Philadelphia, PA, 19103
215-627-6900 (phone)
215-627-2665 (facsimile)
john.donovan@wilsonelser.com
Pa. ID No.: 66494
*Attorney for Defendant,*
Date: April 17, 2026      *Garware Technical Fibres Ltd*

20

334103829v.1